**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Cedar Rapids Lodge & Suites, LLC, et al.,

Plaintiffs,

v.

John F. Seibert, et al.,

Defendants.

Case No. 0:14-cv-04839-SRN-KMM

**ORDER**

---

This matter is before the Court on the Plaintiffs' request to compel compliance with a Rule 45 subpoena by non-party Phillip A. Cole, an attorney with the Lommen Abdo law firm. Mr. Cole asks the Court to Order the Plaintiffs to compensate him for his time in responding to the subpoena. For the reasons that follow, the Court grants the Plaintiffs' motion to compel compliance with the subpoena and denies Mr. Cole's request for an Order requiring payment.

***Background***

The Plaintiffs are attempting to collect on several million dollars in separate judgments obtained years ago against Defendant John Seibert and one of his companies, JFS Development Inc., in the Northern District of Iowa. However, Plaintiffs allege that they have been unable to collect on those judgments because Mr. Seibert and his spouse, Defendant Julie Seibert, have engaged in fraudulent transfers and other fraudulent conduct to avoid paying the debt. Mr. Cole is familiar with these proceedings, having represented Ms. Seibert from at least July 1, 2016 (ECF No. 58), until current defense counsel substituted into the case on July 25, 2017 (ECF No. 166).

During discovery, as the Plaintiffs attempted to obtain information relevant to the alleged fraudulent transfers, John and Julie Seibert stated that certain financial decisions they made were based on the advice of their attorneys. As the Court recently explained, both John and Julie Seibert thereby invoked an advice-of-counsel defense

on behalf of themselves and Trinity Business Consulting. As a result, they waived the work-product protection and attorney-client privileges as to several specific subject areas delineated by the Court. (Order (Jun. 1, 2018), ECF No. 265.) Perhaps obviously, Defendants' assertion of the advice-of-counsel defense and the resulting waivers means that the Plaintiffs are entitled to discover information from the attorneys who allegedly advised the Defendants' conduct. To probe such information, the Plaintiffs served a subpoena on Mr. Cole. Given that this case will be tried in less than three months, time is of the essence.

***The Dispute Over the Subpoena***

The Plaintiffs and Mr. Cole presented their dispute concerning that subpoena to the Court by email. The relevant emails are included in the Appendix attached to this Order. (*See* App.) The Plaintiffs asked the undersigned to intervene about Mr. Cole's request for payment before he complies with the subpoena. (App. at A–2). The Court construes the Plaintiffs' email as a motion to compel production or inspection. Fed. R. Civ. P. 45(d)(2)(B)(i). In his email to the Court, Mr. Cole asks: "Please consider this email an objection under the Rule. . . ." (App. at A1.) He further states that he "hope[s] to avoid appearing in court and plead[s] with the Court to rule upon the issue with the communications in hand." (*Id.*) The Court construes Mr. Cole's emails as a response in opposition to the Plaintiffs' motion to compel compliance.

In his emails, Mr. Cole does not argue that the Plaintiffs' subpoena seeks irrelevant information, fails to allow a reasonable time to comply, or requires him to comply beyond the geographical limits specified in Rule 45(c). *See* Fed. R. Civ. P. 45(d)(3)(A)(i)–(iii) (allowing the Court to quash or modify a subpoena under certain circumstances). He argues only that he should be compensated at his professional rate for the time it takes him to respond to the subpoena's commands. Specifically, Mr. Cole estimates that it will take him three hours to review the file and comply with the subpoena. Because his own hourly rate for legal work performed on behalf of clients is $450/hour, he asks the Court to require the Plaintiffs to pay him $1,350 to cover his costs of complying with the subpoena. (*See* App. at A5.) The Plaintiffs argue that no such payment is required. (*See id.* at A2–A3.)

***Significant Expense***

Rule 45 requires a Court compelling compliance with a subpoena to protect a person who is not a party from "significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii). "'Rule 45(d)(2)(b)(ii) requires the district court to shift a non-party's costs of compliance with a subpoena, if those costs are significant.'" *Balfour Beatty Infrastructure, Inc. v. PB & A, Inc.*, 319 F.R.D. 277, 281 (N.D. Cal. 2017) (quoting *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013)). Whether a subpoena imposes significant expense on a non-party depends on the "'circumstances of a particular case.'" *Id.* (quoting *Untied States v. McGraw-Hill Cos., Inc.*, 302 F.R.D. 532, 536 (C.D. Cal. 2014)).

Although the Rule requires a Court to protect the non-party from significant expense, "[a] non-party can be required to bear some or all of its expenses where the equities of a particular case demand it." *In re Honeywell Int'l, Inc. Sec. Litig.*, 230 F.R.D. 293, 303 (S.D.N.Y. 2003) (denying a request for costs of compliance with a subpoena where the non-party was "not a classic disinterested non-party" and offered no "basis for determining the reasonable costs for compliance with the subpoena"); *Honda Lease Trust v. Middlesex Mut. Assur. Co.*, No. 3:05-cv-1426 (RNC), 2008 WL 349239, at *5 (D. Conn. Feb. 6, 2008) ("'Typically, a non-party is required to absorb the costs of complying with a subpoena duces tecum. Generally, reimbursement only occurs where the costs are great or the document demand unreasonably broad.'") (quoting *Florida Software Systems, Inc. v. Columbia/HCA Healthcare Corp.*, No. 99–MC–0036E, 2002 WL 1020777 (W.D.N.Y. Feb. 25, 2002)).

Mr. Cole has not demonstrated that the cost of compliance with the Plaintiffs' subpoena or the three hours he estimates it will take him to provide responsive documents amounts to a "significant expense." Mr. Cole asserts only that complying with the subpoena will require him to spend time examining his file to provide documents that are responsive to the subpoena while not providing information that remains privileged. But this is an ordinary incident of responding to a subpoena, not a demonstration of significant expense. At the heart of the matter, rather than a payment to offset significant expense, Mr. Cole's request is to be compensated for the loss of three hours that he could otherwise spend earning an attorney's fee. However, that is a cost of doing business, and the cost-shifting provisions of Rule 45 do not kick in merely because a party may be mildly inconvenienced.

In determining whether a subpoena imposes a significant expense, courts also consider a non-party's "financial ability to bear the costs of production." *Balfour Beatty*, 319 F.R.D. at 281. This consideration does not support Mr. Cole's request. He did not present any argument or proof to demonstrate that he cannot bear the costs of production. Given that he bills his time at $450 per hour, it seems unlikely that the costs associated with three hours of gathering and reviewing documents for production really amounts to a significant expense.

***Undue Burden***

Rule 45 also provides that on timely motion, the Court "must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). If the Court construes Mr. Cole's message seeking payment of his hourly rate as a motion to modify the subpoena, the question becomes whether the subpoena itself imposes an "undue burden" on him. Mr. Cole bears the responsibility of showing that the subpoena subjects him to an undue burden. *Nasufi v. King Cable*, Inc., No. 3:15-CV-3273-B, 2017 WL 3334110, at *5 (N.D. Tex. Aug. 4, 2017) ("The moving party has the burden of proof."). In assessing undue burden courts consider a number of factors, including: (1) relevance; (2) the need for the discovery; (3) how broadly the requests are framed; (4) the time period covered by the subpoena; (5) how particularly the subpoena describes the documents sought; (6) the burden imposed; and (7) that the recipient is a non-party to the litigation. *Biomet, Inc. v. Howmedica Ostenics, Corp*., No. 14-cv-6634 (MAS)(DEA), 2015 WL 1543221, at *3 (D.N.J. Apr. 7, 2015).

As noted above, Mr. Cole has not specifically asserted in his message to the Court that the Plaintiffs' subpoena seeks information that is irrelevant to the case. In one of the emails included in the Appendix, Mr. Cole states:

> [Y]ou have served upon me a complex discovery demand that requires me to make a discrete and detailed inspection of the numerous documents in my file to comply with the subpoena and still preserve the a/c privilege of my former client that has not been waived. Moreover you want the production separated into 10 categories.

(App. at A3.)[1]

The Court is not persuaded that these concerns equates to an undue burden. The fact that responding to a subpoena requires a non-party to examine documents in his possession and determine which documents must be produced is not enough to show that the non-party will be subjected to an undue burden. Mr. Cole's concern that Plaintiffs "want the production separated into 10 categories" is also unavailing. If Mr. Cole believes that such a categorization is unduly time-consuming or bothersome, he has the option to produce the documents "as they are kept in the ordinary course of business." Fed. R. Civ. P. 45(e)(1)(A) (requiring a party to produce documents as they are kept or to "organize and label them to correspond to the categories in the demand"). Moreover, the Court's concern for the burden created by the subpoena is somewhat lessened by the reality that attorneys who represent clients are sometimes later required to revisit those cases, provide information, or even testify.

For these reasons, the Court concludes that Mr. Cole is not entitled to advance payment of his hourly rate for the time he spends responding to the subpoena pursuant to Rule 45(d)(3)(A)(iv) because he has not shown that he is subject to an undue burden.

### *Order*

Because there has been no showing that an order shifting costs of compliance is needed to protect Mr. Cole from "significant expense," nor any showing that compliance with the subpoena at issue would impose an "undue burden" on him, Mr. Cole's request that Plaintiffs be required to pay his hourly rate for responding to the subpoena is **DENIED**. The Plaintiffs' motion to compel compliance with the subpoena is **GRANTED**.

Date: June 18, 2018

*s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge

---

[1] Mr. Cole did not submit the Plaintiffs' subpoena to the Court along with his email. The Court again notes that he has not described the requests in the subpoena as overbroad in terms of the scope of information sought or the period covered by the subpoena.

# APPENDIX

RE: Cedar Rapids subpoena (Phil Cole)

Phil Cole to:
'Robert Miller',
menendez_chambers@mnd.uscourts.gov
06/14/2018 06:21 PM

[. . .]

Dear Judge Menendez: As the email string attached to this email and Mr. Miller's reveals, I have at no time refused or threatened to refuse to comply with the subpoena. The subpoena imposes on me the obligation to search an extensive one year old closed file to comply in 10 separate categories. The Court has ruled that in some connections the attorney client privilege has been waived by my former client. I have no concerns with the waiver except to understand it requires me to make a discrete investigation of the documents to assure that unwaived privileges are not breached. I estimated a three hour undertaking and asked Mr. Miller to reimburse me at a professional rate - $450/hour. He took great umbrage and declared there was no such provision in the Rules. I responded and pointed out Rule 45(d), asked him to reconsider or I would be forced to file an objection as the Rule allows. I suppose he is telling me that the objection is what I must do. Please consider this email an objection under the Rule asking for provision requiring Mr. Miller and his client to bear the expense of the discovery he seeks to impose upon a non party. I very much do not want to become a party in any manner to this case and its apparent bitterness. hope to avoid appearing in court and plead with the Court to rule upon the issue with the communications in hand.

**Phillip A. Cole,**
**Attorney**
**Lommen Abdo,**
**P.A.**
1000 International Centre, 920 Second Avenue South, Minneapolis,
MN 55402 612-336-9340 (direct) /phil@lommen.com

Visit www.lommen.com for Litigation / Corporate / Entertainment, IP & Sports Law

The information contained in this email is privileged and confidential and intended for the use of the addressee(s) If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, any dissemination, distribution or copying of this communication is prohibited If you have received this email in error, please notify us by telephone or email immediately

**From:** Robert Miller [mailto:rmiller@sheehan.com]

**Sent:** Thursday, June 14, 2018 5:50 PM

**To:** menendez_chambers@mnd.uscourts.gov

**Cc:** Beeby, Alexander J. (abeeby@larkinhoffman.com); Chloe F. Golden; 'Charles.Frohman@maslon.com'; Amy Swedberg (Amy.Swedberg@maslon.com); Phil Cole

**Subject:** FW: Cedar Rapids subpoena (Phil Cole)

Judge Menendez:

We are writing, as you requested, to alert you that we have run into a problem getting compliance with our subpoena from Mr. Cole and Lommen Abdo. To put it simply, Mr. Cole has asked to be paid $450/hr to comply with the subpoena, and has refused to provide documents otherwise (see email chain below). We have tried to offer a couple of compromise solutions to Mr. Cole in order to avoid having to involve the Court, but it does not appear that these compromises are acceptable to Mr. Cole. Mr. Cole has indicated that he will be filing a motion with the Court tomorrow (presumably to quash our subpoena) – and has not responded in any way to our most recent offer of compromise.

As Mr. Cole and his firm are one of the two most relevant repositories of documents responsive to our subpoena, and given the delays that this anticipated motion practice will cause, we are bringing this matter to your attention so you can guide us all accordingly.

We have copied counsel for the Defendants, and Mr. Cole on this email. As mentioned, the entire email chain between Mr. Cole and the Plaintiffs about this issue is included below for your review.

Our subpoena to Mr. Cole carefully tracked the language of your Order, and also included a copy of the Order. Please let me know if having a copy of the subpoena would be helpful to you in resolving this matter, and we will provide you with a copy electronically.

Rob

**From:** Robert Miller

**Sent:** Thursday, June 14, 2018 2:40 PM

**To:** 'Phil Cole'

**Cc:** Chloe F. Golden; 'Charles.Frohman@maslon.com'; Amy Swedberg (Amy.Swedberg@maslon.com)

**Subject:** RE: Cedar Rapids subpoena

Phil:

As I have explained a couple of times, we are familiar with FRCP 45. We have reviewed both the Rule itself and relevant sources interpreting the Rule. Based on that review, we do not believe you can meet the test for undue burden in this situation, much less demand $450/hr for your time spent responding to a subpoena which is aimed at discovering what advice you provided to your clients, the Seiberts and Trinity, on these issues.

In the spirit of compromise, after your IT department has pulled all of the Seibert/Trinity ESI together, if the number of emails and electronically-stored documents and information is truly voluminous such that it would be truly burdensome for you to review, I am willing to provide your IT department with a list of search terms that they can use to cull through your emails to and from the Seiberts, and other electronically stored documents/information in order to filter out irrelevant material and reduce the amount of material that you will need to review. Taking that step should help to put only relevant materials in front of you, and assist you with your prompt compliance with the subpoena.

Please let me know if this is an acceptable compromise. If not, you should go ahead and file your motion and make whatever case you are going to make with it. I will alert Judge Menendez that we have reached impasse

on this issue and need her intervention to resolve it. The Court has imposed tight deadlines on us to complete this discovery, and has asked us to involve her immediately if compliance with her Order proved to be problematic.

I will await your

response. Rob

**From:** Phil Cole
[mailto:phil@lommen.com]
**Sent:** Thursday, June 14, 2018
9:36 AM **To:** Robert Miller

**Subject:** RE: Cedar Rapids subpoena

I am not refusing to comply. I am anxious to comply. I am asking only that you bear the expense, not me. If you are unfamiliar with the rule, see 45(d) although you include its text. Under the rule I can protect myself against undue expense by objecting. I am not trying to complicate this matter but you have served upon me a complex discovery demand that requires me to make a discrete and detailed inspection of the numerous documents in my file to comply with the subpoena and still preserve the a/c privilege of my former client that has not been waived. Moreover you want the production separated into 10 categories. I thought I was being sensible in asking to be compensated for only three hours of professional time. There is no reason this has to break out into a dispute before the Court but I will serve an objection under the Rule unless we work this out. Let me hear from you today. If we don't find a solution, I will object tomorrow and then we will end up before the magistrate at some point.

**Phillip A. Cole,**
**Attorney**
**Lommen Abdo,**
**P.A.**
1000 International Centre, 920 Second Avenue South, Minneapolis,

MN 55402 612-336-9340 (direct) / phil@lommen.com

Visit www.lommen.com for Litigation / Corporate / Entertainment, IP & Sports Law

The information contained in this email is privileged and confidential and intended for the use of the addressee(s) If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, any dissemination, distribution or copying of this communication is prohibited If you have received this email in error, please notify us by telephone or email immediately

**From:** Robert Miller [mailto:rmiller@sheehan.com]

**Sent:** Wednesday, June 13, 2018 9:56 PM

**To:** Phil Cole

**Cc:** Chloe F. Golden; Charles.Frohman@maslon.com; Amy Swedberg

**Subject:** Re: Cedar Rapids subpoena

I'm familiar with the rule. That is not what the rule says. Please reconsider your position. I need the documents promptly and will have no choice but to seek the Court's intervention if you continue to refuse to comply with the subpoena.

Sent from my iPhone

On Jun 13, 2018, at 8:02 PM, Phil Cole <phil@lommen.com> wrote:

> See the rule. If a subpoena imposes expense that will not be compensated , the party is Invited to
>
> make motion
>
> Sent from my iPhone
>
> On Jun 13, 2018, at 6:27 PM, Robert Miller <rmiller@sheehan.com>
>
> > wrote: Phil:
> >
> > I'm not sure what your email is trying to convey.
> >
> > Please explain. Rob
> >
> > Sent from my iPhone
> >
> > On Jun 13, 2018, at 7:22 PM, Phil Cole <phil@lommen.com> wrote:
> >
> > > I will set up a motion under the rules. In the meantime no
> > >
> > > documents Sent from my iPhone
> > >
> > > On Jun 13, 2018, at 2:41 PM, Robert Miller

<rmiller@sheehan.com> wrote:

Phil:

The subpoena states on its face the substantive response and particular subject matter that is required – which is more than "the setup of Trinity." Please do not "simplify" what the subpoena seeks, as its scope and language is taken directly from the Court's Order. In responding to it, please carefully search your file and be sure to have your IT department segregate all sent and received emails between you and the Seiberts for review and production as required by the subpoena.

The Federal Rules make no provision for payment of your legal fees in responding to a subpoena seeking documents, so you are not entitled to a fee for responding to the subpoena. All email and electronically-stored documents are to be produced electronically in native files, so there should be no copying costs associated with that work. To the extent that you consider the copying costs for your production of documents in response to the subpoena to be unduly burdensome, please let me know, and we can discuss that.

If you have any questions with respect to our position on this matter, please let me know as soon as possible.
Otherwise, we will expect a fully compliant production from your office by Monday, June 25, 2018.

Rob

**From:** Phil Cole [mailto:phil@lommen.com]

**Sent:** Monday, June 11, 2018 4:53 PM

**To:** Charles Frohman

**Cc:** tflynn@larkinhoffman.com

**Subject:** subpoena

Charles: Received the subpoena this afternoon in Cedar Rapids v. Seibert. We have been out of the case for almost a year. I understand it has been ruled that my client, Julie Seibert, waived the a/c privilege with regard to advice given her in connection with subject matter summed up by the Court in a series of difficult paragraphs. To simplify, it seems that the aim of the production is to disclose advice given the client regarding the set up of Trinity. My only client in this series of disputes was Mrs. Seibert. I did not represent her husband or Trinity. The file is long and complex. The subpoena was not accompanied by any payment but I supposed you were waiting to hear from me on that subject. I estimate the production will require three hours of my time to review the many documents in the file. This estimate projects a cost of $1350 to comply with the subpoena. Please let me know we have agreement on this and we will get to work.

**Phillip A. Cole, Attorney**
**Lommen Abdo, P.A.**
1000 International Centre, 920 Second Avenue South, Minneapolis, MN 55402
612-336-9340 (direct) / phil@lommen.com
<image001.png>