# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CEDAR RAPIDS LODGE & SUITES, LLC, et al., | Civil No. 14-4839 (SRN/KMM) |
| Plaintiffs, | **ORDER** |
| v. | |
| JOHN F. SEIBERT, et al., | |
| Defendants. | |

Before the Court are Plaintiffs' Motion to Excuse Local Counsel [Doc. No. 328] and Plaintiffs' letter motion [Doc. No. 333] for an increased word limit.

## I. Motion to Excuse Local Counsel

In a letter filed September 6, 2019, Plaintiffs' national counsel sought leave to excuse Plaintiffs' local counsel from participating in the filing of an anticipated motion for sanctions against Defendants' prior attorneys. Plaintiffs' national counsel from the Sheehan Phinney firm explained that the reason for the request was due to "the nature of the relief sought by [the] motion [for sanctions]," which will seek "serious relief against two members of the Minnesota Bar." (Sept. 6, 2019 Letter [Doc. No. 331] at 1.) After the Court directed Plaintiffs to file a formal motion, Plaintiffs filed the instant Motion to Excuse Local Counsel on September 11, 2019.

In their formal motion, Plaintiffs state that national counsel are both admitted pro hac vice and are familiar with the rules and procedures of this Court. (Pls.' Mot. at 2.) Further, they assert, "Given the substantial costs incurred by our clients during the course

of this case, we would prefer not to have to incur the expense (and potential delay) of bringing a new firm up to speed on the substantial history of this case just for the purpose of this Motion." (*Id.*)

In general, pursuant to the Local Rules, nonresident attorneys who do not represent the United States or one of its officers or agencies, and who are not admitted to practice before the Supreme Court of Minnesota, must associate with an active member in good standing of the Court's bar. D. Minn. L.R. 83.5(d)(2). While there are limited exceptions, including an exception "by special permission of the court," *Id.*, 83.5(a)(2)(D), special permission is not warranted here. Plaintiffs' request to exclude local counsel is therefore denied.

## II. Motion to Exceed Word Limit & Filing Extension

In Plaintiffs' letter motion, they seek permission to exceed the 12,000-word limit on general memoranda of law set forth in Local Rule 7.1(f)(1)(A). Plaintiffs state that their proposed sanctions memorandum currently totals 18,789 words. (Pls.' Letter Mot. at 2.) The Court grants Plaintiffs' request in part and denies it in part. Plaintiffs may have an extension to 16,000 words, using 13-point Times New Roman font. *See* D. Minn. L.R. 7.1(h)(1).

In the Court's earlier September 16, 2019 Order [Doc. No. 337], it granted Plaintiffs' Motion to Continue Deadline for Filing Plaintiffs' Motion for Sanctions. The Court continued the deadline pending resolution of the instant motions. Accordingly, having resolved the instant motions, the deadline for filing Plaintiffs' Motion for Sanctions is continued to September 23, 2019.

Plaintiffs must serve their prior filings related to this Order, this Order, and their motion and supporting memoranda and exhibits in person or by mail on all former defense counsel.

SO ORDERED.

BY THE COURT:

Dated: September 16, 2019

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge